Lene FRANGAJ, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Docket No. 03–41211.

United States Court of Appeals, Second Circuit.

Sept. 15, 2005.

Lene Frangaj, Bronx, New York, for Petitioner, pro se.

Daryl F. Bloom, Assistant United States Attorney, for Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Harrisburg, Pennsylvania, for Respondent.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and RAKOFF, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the December 11, 2003 order of the Board of Immigration Appeals ("BIA") is hereby GRANTED and the case RE-MANDED to the BIA for further proceedings consistent with this order.

Petitioner Lene Frangaj, a citizen of Albania, appeals from the denial of her application for asylum, withholding of removal, and withholding of removal under the United Nations Convention Against Torture ("CAT"), based on her assertion that she had suffered and, if she returned to Albania, would suffer persecution, largely as a result of her husband's past political activities. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

When, as in this case, the BIA summarily affirms the decision of an Immigration Judge ("IJ") to deny relief from removal, we review the decision of the IJ directly. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). The IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Immigration and Nationality Act § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); see Zhang v. United States INS, 386 F.3d 66, 73 & n. 7 (2d

---

1. The Honorable Jed Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Cir.2004). We will not disturb the findings of the IJ if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (*per curiam*) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Indeed, "[w]hen a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. United States INS,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)).

In this case, the IJ concluded that Frangaj had failed to meet her burden of demonstrating that she was a refugee from political persecution because "several factors" raised questions as to her credibility. IJ Decision at 4. In fact, the IJ pointed to only two such factors: (1) Frangaj's proffer of a card indicating her membership in an organization for persons formerly persecuted that "appear[ed] not to be ... genuine," *id.* at 5; and (2) her failure to present corroborative testimony from members of her family then in the United States, *id.* Neither the record evidence nor the findings of the IJ are sufficient to justify the IJ's reliance on these factors.

The sole basis for the IJ's conclusion that Frangaj's membership card was not genuine was that a similar membership card offered by her husband at his asylum hearing more than two years earlier was found not to be genuine by the IJ in that case. A review of the record of that earlier proceeding, however, indicates that the document there at issue was, in fact, a genuine membership card of the particular organization but that other evidence adduced at that hearing indicated that Frangaj's husband was not a listed member of that organization. The record does not reveal any similar evidence raising concerns about Frangaj's membership in the organization, nor any other reasons to suspect the genuineness of her membership card. Because we conclude that the record was inadequately developed on the issue of the genuineness of Frangaj's membership card, we grant the petition for review and remand this case for further proceedings relevant to Frangaj's credibility.

To the extent the IJ faulted Frangaj for failing to call corroborative witnesses, we note that the IJ did not specifically indicate whether, but for this omission (and the unsupported conclusion that her membership card exhibit was not genuine), he would have found her testimony credible. The IJ did note that Frangaj's testimony "was as detailed" as she could provide with respect to past persecution and correctly recognized that the law does not necessarily require corroboration when testimony is sufficiently detailed. *Id.* at 5; *see also Diallo v. INS,* 232 F.3d at 286 (citing 8 C.F.R. §§ 208.13(a), 208.16(b)). Furthermore, the IJ did not mention that Frangaj did supply a corroborating affidavit from her husband. Under these circumstances, further findings are required to support an adverse credibility finding based on a lack of corroboration. *See id.* at 290 (remanding case for further findings because "in the absence of an explicit credibility finding, an explanation of the need for additional corroboration, and an assessment of [the petitioner's] reasons for his failure to produce further corroboration, ... the BIA's ultimate ruling cannot stand"). Because this remand contemplates a reopening of the asylum proceedings before the IJ, we expect that Frangaj will be afforded the opportunity to present the purportedly missing corroborative testimonial evidence if she can reasonably do so. We express no opinion, however, as to whether her failure to do so would support an adverse credibility determination, because that is simply one among many factors that the IJ

would have to weigh in determining Frangaj's credibility. *See id.* at 287.

Frangaj's petition for review of the BIA's order affirming the IJ denial of her requests for asylum, withholding of removal, and withholding of removal under CAT is GRANTED, and the case REMANDED to the BIA for further proceedings consistent with this order.